IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| ROBERT WAYNE WATSON #365712 | § | |
| v. | § | CIVIL ACTION NO. 9:06cv50 |
| DAVID STACKS, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Robert Wayne Watson, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Watson's lawsuit revolved around a prison disciplinary case which he received. After review of the complaint, the Magistrate Judge issued a Report on August 16, 2006, recommending that the lawsuit be dismissed as frivolous. Watson received a copy of this Report on August 21, 2006, but filed no objections thereto; accordingly, he is barred from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Douglass v. United Services Automobile Association, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).[1]

---

[1] Watson did file a request to amend his complaint on August 24, 2006; however, the proposed amendment does not change the basis for the Magistrate Judge's recommendation of dismissal of the lawsuit.

The Court has carefully reviewed the pleadings and documents in this case, as well as the Report of the Magistrate Judge. Upon such review, the Court has concluded that the Reports of the Magistrate Judge are correct. It is accordingly

ORDERED that the Report of the Magistrate Judge is hereby ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED as frivolous without prejudice to Watson's right to refile his lawsuit at such time as he can demonstrate that the disciplinary conviction has been overturned, expunged by executive order, declared invalid in a state collateral proceeding, or called into question through the issuance of a federal writ of habeas corpus. The dismissal of this lawsuit shall not affect Watson's right to challenge this disciplinary case through any lawful means. Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

So **ORDERED** and **SIGNED** this **3** day of **October, 2006.**

_____
Ron Clark, United States District Judge